UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61207-STRAUSS

**NEO DAVIS**
*as executor and authorized agent
for DTH Enterprize Revocable
Living Trust*,

      Plaintiff,
v.

**BROWARD COUNTY
SHERIFF'S OFFICE**, *et al.*,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court. For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** and that all pending motions be **denied as moot**.

On June 13, 2025, *pro se* Plaintiff filed a Complaint [DE 1] and Motion for Leave to Proceed *In Forma Pauperis* [DE 3]. Because Plaintiff moved to proceed *in forma pauperis*, [DE 3], the screening provisions of 28 U.S.C. § 1915(e) apply. Under 28 U.S.C. § 1915, if a court determines that the case is frivolous or fails to state a claim on which relief may be granted, then the court "shall dismiss the case at any time." 28 U.S.C. § 1915(e). Although Federal Rule of

Civil Procedure 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

After screening the Complaint, I observed several deficiencies and entered an Order directing Plaintiff to file an amended complaint (addressing those deficiencies) by August 15, 2025. [DE 4] at 6–7. As explained in further detail in my previous Order [DE 4], it is not clear whether Plaintiff is suing in his individual capacity or as the agent of DTH Enterprize Revocable Living Trust ("DTH"). If Plaintiff is seeking to bring a claim on behalf of DTH, then Plaintiff must retain counsel and cannot appear *pro se*. *See J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) ("A trust, like a corporation, 'is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.'") (quoting *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).

Additionally, the Complaint fails to provide any particular, non-conclusory facts that would put Defendants on notice of the basis for each claim or indicate that Plaintiff can plausibly satisfy the elements of each claim, thus failing to comply with Federal Rule of Civil Procedure 8. And Plaintiff does not attribute a single specific allegation to any of the five claims he purports to bring (a textbook shotgun pleading). *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Plaintiff names Broward County Sheriff's Office ("BSO") as a defendant, but Plaintiff cannot maintain an action against BSO because BSO is not a legal entity with the capacity to be sued. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Jefferson County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983."). Nor could Plaintiff bring a claim under 18 U.S.C. § 242 because that statute does not "provide a private right of action." *Moni v. Volusia Cnty., Corp.*, 717 F. App'x 976, 977 (11th Cir. 2018). Lastly, as more fully explained in my previous order, at least some of Plaintiff's claims are based on what appears to be a sovereign citizen legal theory. Sovereign citizen legal theories "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

Despite explaining these deficiencies to Plaintiff and ordering him to file an amended complaint by August 15, 2025, Plaintiff has failed to do so. Therefore, even if the Complaint were not subject to dismissal for failure to state a claim, dismissal without prejudice is appropriate for failure to prosecute and due to Plaintiff's failure to comply with the Court's previous Order [DE 4]. *See, e.g.*, *Taylor v. Exec. Dir. at Fla. Dep't of Highway Safety & Motor Vehicles*, No. 22-10384, 2023 WL 5664169, at *2 (11th Cir. Sept. 1, 2023) ("The court's power to dismiss a cause is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits. The district court has the authority to dismiss an action *sua sponte* for failure to obey a court order or for lack of prosecution. Generally speaking, a dismissal made *without* prejudice constitutes no abuse of discretion because the affected party may refile his civil action.") (internal citations and quotation marks omitted).

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice.**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[1] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 21st day of August 2025.

Jared M. Strauss
United States Magistrate Judge

---

[1] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.